# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CYNTHIA E. BAUCHAM,

    Plaintiff,

v.                                CASE NO. 4:07cv550-RH/WCS

STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISSOLVE WRITS
## OF HABEAS CORPUS AD TESTIFICANDUM

    This is an employment discrimination case. The plaintiff Cynthia E. Baucham worked for the defendant Florida Department of Corrections at the Franklin Correctional Institution. The Department fired Ms. Baucham primarily for misconduct on a single day after a nine-year career. The misconduct included allowing three inmates access to an officer's station and allowing them to engage in other unauthorized activities. Correctional officer Robert Wallace was present and is expected to testify that Ms. Baucham did what she was charged with. Ms. Baucham says it never happened. She asserts the real reason for the firing was her race.

The three inmates are expected to testify that the alleged misconduct never happened—thus supporting the plaintiff's version and disputing Mr. Wallace's.

The two critical disputed factual issues in the case are whether Mr. Wallace willfully gave a false account of what happened and whether, if he did, the reason was Ms. Baucham's race.

The testimony of the three inmates goes squarely to the heart of the first issue. I have issued a writ of habeas corpus ad testificandum directing the Department to produce them at trial. The Department has moved for reconsideration. I deny the motion.

The law is settled that a district court has authority to compel a state official with custody of an inmate to produce the inmate for the purpose of giving testimony. *See, e.g., Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 38-39, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985); *ITEL Capital Corp.*, 651 F.2d 405, 406 (11th Cir. 1981). Whether to exercise that authority in a particular case is an issue on which the district court has considerable discretion. In the case at bar I could decline to require the production of these witnesses and thus could require their testimony to be introduced, if at all, either by deposition or by live video feed. If their testimony were less critical to a dispositive issue, I would not hesitate to do so. But in fact if not in theory, a deposition or even a video feed is substantially less than an equal substitute for live testimony. If we

are going to invest the resources to try this case—and we are—we are going to have a fair trial.

It is true, as the Department says, that courts sometimes have required inmate testimony to be introduced by video feed, even when the inmate is the plaintiff and the testimony is as critical as in the case at bar. The wisdom of doing so depends on the circumstances. Here the litigation was brought not by an inmate, but by an employee. Her claim has survived summary judgment. An inmate plaintiff is responsible for his or her own incarceration. But Ms. Baucham is in no way responsible for the circumstance that the witnesses on her side of the case are incarcerated. If the Department wanted inmate witnesses here, it of course could produce them without a court order.

A claim of racial discrimination against a state agency is an important matter that should be resolved correctly. The trial will be more fair if these inmates testify live.

This does not mean, of course, that the burden of producing the witnesses should be greater than necessary. They can be taken out of order if necessary so that they are at the courthouse at the most convenient time and for as short a period as necessary. The attorneys should cooperate to ensure that the burden of transporting the inmates is minimized to the extent feasible.

Finally, a note about security. It is true, as the Department says, that taking

an inmate out of a secure facility and transporting him to court imposes risks. Such risks ought not be imposed unnecessarily. But transporting inmates cannot always be avoided. The Department and the United States Marshals Service frequently transport inmates to court proceedings and maintain control of them within the courthouse. We have cells in the courthouse for precisely this reason. Transporting these inmates for testimony in this case cannot reasonably be avoided.

    For these reasons,

    IT IS ORDERED:

    The defendant's emergency motion (document 50) to dissolve the writs of habeas corpus ad testificandum previously issued in this case is DENIED.

    SO ORDERED on September 6, 2008.

                                  s/Robert L. Hinkle
                                  Chief United States District Judge